Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Avenue, Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| KENNETH BALDWIN, | ) | |
|---|---|---|
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR DAMAGES |
| vs. | ) | |
| | ) | JURY DEMANDED |
| DYNAMIC RECOVERY SOLUTIONS, LLC., a South Carolina Limited Liability Company | ) ) ) ) | |
| Defendant. | ) | |

## I.    INTRODUCTION

Plaintiff Kenneth Baldwin (hereinafter, "Plaintiff"), a Washington resident, brings this action by and through his undersigned counsel, against Defendant Dynamic, Inc., (hereinafter "Dynamic"), and alleges the following:

## II.    JURISICTION AND VENUE

2.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

COMPLAINT - 1

2.2 Supplemental jurisdiction of this Court over state law claims alleged herein arises under 28 U.S.C. § 1367.

2.3 Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Dynamic conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

### III.   NATURE OF THE ACTION

3.1 Plaintiff brings this action for damages for Defendant Dynamic's actions of using unfair and unconscionable means to collect a debt.

3.2 Defendant Dynamic's actions violated § 1692, *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3 Defendant Dynamic's actions violated Washington Collection Agency Act, RCW 19.16, *et seq*., ("WCAA"), and Washington's Consumer Protection Act, RCW 19.86, *et seq*., ("CPA"), which prohibit collection agencies from engaging in abusive, deceptive, and unfair practices.

3.4 Plaintiff is seeking damages, declaratory, and injunctive relief.

///

///

COMPLAINT - 2

## IV. PARTIES

4.1 Plaintiff is a natural person, a resident of Washington State, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

4.2 The Defendant's headquarters are located at 135 INTERSTATE BLVD STE 6, GREENVILLE, SC, 29615.

4.3 Defendant Dynamic is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

4.4 All acts done by Defendant Dynamic, Inc., were done on its own behalf.

4.5 Defendant Dynamic, Inc., is a foreign limited liability company engaged in the business of collecting debts in Washington State.

4.6 Defendant Dynamic, Inc., is a "collection agency" as defined by RCW 19.16.100(4)(d).

4.7 Defendant Dynamic is an "out-of-state collection agency" as defined by RCW 19.16.100(10).

4.8 Defendant Dynamic's conduct is regulated by the FDCPA.

4.9 Defendant Dynamic's conduct is regulated by the WCAA, RCW 19.16, *et seq*.

## V. ALLEGATIONS OF FACT

5.1 Sometime in 2009, Plaintiff allegedly incurred an obligation to Wells Fargo Bank, N.A.

COMPLAINT - 3

5.2 The alleged obligation to Wells Fargo Bank, N.A. only allowed Plaintiff to purchase a Tempur-Pedic mattress and other mattress-related goods at a specified retailer on a specific date.

5.3 The Wells Fargo Bank, N.A., obligation arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, were primarily for personal, family, or household purposes.

5.4 The alleged Wells Fargo Bank, N.A., obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

5.5 The debt solely involved a sale, which is regulated by RCW 62a.2, et seq.

5.6 Pursuant to RCW 62a.2-725, the statute of limitations on a debt arising from the sale of goods is 4 years.

5.7 The statute of limitations on the debt that Dynamic was attempting to collect from Plaintiff expired in or before 2014.

5.8 Sometime after 2009, Plaintiff's alleged Wells Fargo Bank, N.A., debt was sold to LVNV Funding, LLC, and assigned to Defendant Dynamic for collection.

5.9 In June, 2019, Defendant Dynamic, through its debt collector agent, contacted Plaintiff by telephone.

COMPLAINT - 4

5.10 During the June 2019 conversation between Dynamic and Plaintiff, Dynamic attempted to collect the debt from Plaintiff.

5.11 During the June 2019 conversation between Dynamic and Plaintiff, Dynamic threatened to file a lawsuit against Plaintiff if he did not pay Dynamic.

5.12 The June, 2019, phone call was a "communication" as defined by 15 U.S.C. §1692a(2).

5.13 The June 2019 phone call between Dynamic and Plaintiff was an attempt to collect a debt.

5.14 As of June 2019, more than nine (9) years had elapsed since the last payment or charge on the Wells Fargo Bank, N.A., debt.

5.15 Defendant Dynamic did not inform Plaintiff during the June 2019 phone call that if he made any payment or a promise to pay, then such action might restart the statute of limitations and would expose Plaintiff to litigation on the otherwise time-barred debt.

5.16 Defendant Dynamic regularly attempts to collect time-barred debts, without informing consumers that the statute of limitations may reset upon making any payment.

5.17 The Federal Trade Commission has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts

COMPLAINT - 5

past the statute of limitations… when a collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (See http://www.ftc.gov/opa/2012/01/asset.shtm)

5.18 On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. The October 1, 2012, orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement…" (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

5.19 Both Washington and federal law prohibits Dynamic from commencing legal action to collect debts on which the statute of limitations has expired.

COMPLAINT - 6

5.20  Dynamic had no intention of filing any lawsuit against Plaintiff for the debt.

## VI.  FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692e, *et seq.*, and 15 U.S.C. § 1692f**

6.1  Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2  Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. § 1692e of the FDCPA.

6.3  15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6.4  Threatening to sue a consumer for a debt that is beyond the statute of limitations is an unfair and deceptive act under 15 U.S.C. § 1692e.

6.5  Dynamic violated the FDCPA by threatening to sue Plaintiff for the out-of-statute debt.

6.6  Defendant Dynamic violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt when it failed to inform Plaintiff that if he made a payment or promise to pay then he may restart the

COMPLAINT - 7

statute of limitations and allow Dynamic or another debt collector to sue him for the otherwise time-barred debt.

6.7 Defendant Dynamic violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means to collect or attempt to collect a debt.

6.8 By reason thereof, Defendant Dynamic is liable for judgment that Defendant Dynamic's conduct violated 15 U.S.C. § 1692e, *et seq.*, and 15 U.S.C. § 1692f(1) of the FDCPA, and is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## VII.   SECOND CAUSE OF ACTION
**Violations of the Washington Consumer Protection Act, RCW 19.86, *et seq* per violations of the Washington Collection Agency Act RCW 19.16, *et seq*.**

7.1 RCW 19.16.250(23) prohibits any collection agency from "Bring[ing] an action or initiat[ing] an arbitration proceeding on a claim when the licensee knows, or reasonably should know, that such suit or arbitration is barred by the applicable statute of limitations."

7.2 RCW 19.16.250(16) prohibits any collection agency from "Threaten[ing] to take any action against the debtor which the licensee cannot legally take at the time the threat is made."

7.3 Dynamic threatening to sue Plaintiff for a time-barred debt is a violation of the Washington Collection Agency Act, RCW 19.16.250.

COMPLAINT - 8

7.4  Defendant Dynamic's violation of RCW 19.16.250 is a per se unfair and deceptive acts or practices pursuant to RCW 19.16.440.

7.5  Defendant Dynamic's violation of RCW 19.16.250 affects the public interest as it has the capacity to injure other persons.

7.6  Defendant Dynamic's prohibited practices not only impact Washington consumers but also creates an unfair advantage over other collection agencies that abide by Washington law.

7.7  Defendant Dynamic's actions occurred in its trade as a collection agency.

7.8  Defendant Dynamic's actions caused Plaintiff to suffer harm in his business or property, including travel and investigation expenses.

7.9  A violation of the Washington Collection Agency Act "constitute[s] a per se violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*." *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 157, 803 P.2d 10, 13 (1991).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Dynamic as follows:

8.1  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of $1,000.00;

COMPLAINT - 9

8.2  Awarding Plaintiff actual damages sustained under the FDCPA, WCAA, and/or FDCPA;

8.3  Treble damages pursuant to the CPA, RCW 19.86.090;

8.4  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), and/or the CPA, RCW 19.86.090;

8.5  Interest and other fee stripping pursuant to RCW 19.16.450;

8.6  Declaratory judgment that Defendant's practices complained of herein violate the FDCPA, WCAA, and CPA;

8.7  Injunctive relief permanently enjoining the Defendant's practices complained of herein; and

8.8  Such other and further relief as the Court may deem just and proper.

DATED this 14th day of June, 2019.

/s Kirk D. Miller
Kirk D. Miller, WSBA No. 40025
421 W. Riverside Avenue, Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

COMPLAINT - 10